UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA BARR,

               Plaintiff,                                 Case No. 15CV7560

           -against-                              **AMENDED COMPLAINT**

EMPIRE DINER OF NYC LLC and 210 10TH AVENUE LLC,

               Defendant.

Plaintiff, DEBRA BARR (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Amended Complaint and sues defendants 210 10TH AVENUE LLC (the "LLC") and EMPIRE DINER OF NYC LLC ("Empire"; the LLC and Empire being hereinafter collectively known as "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1.     Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendant still maintains barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Diner's goods and services.

2.     Defendant has been and remains in violation of federal and state disability civil rights laws, in that it has failed to comply with federal and state nondiscrimination statutes.

3.     Defendant has discriminated, and continues to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction

over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.     Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.     Plaintiff is and has been at all times material hereto a resident of the State of New York.

7.     The Plaintiff suffers from chronic inflammatory demyelinating polyneuropathy, a condition which results in progressive weakness and impaired sensory function in the legs and arms.  As a result, Plaintiff has been utilizing a wheelchair to ambulate for the last 10 years. Plaintiff therefore has a disability within the meaning of the Title III of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the State of New York.

8.     The LLC operates the Empire Diner (the "Diner"), which is open to the general public at the premises known and designated as 210 Tenth Avenue, New York, New York.  Empire is the owner of the said premises.

## STATEMENT OF FACTS

9.     Plaintiff lives in the neighborhood where the Diner is located and would like to eat there but has been has been denied access to the goods and services offered by the Diner as a result of the barriers to both her entry and the ability to sit comfortably.

10.     The last time Plaintiff visited the Diner prior to the filing of the complaint was September 8, 2015 when she was strolling the neighborhood shopping and enjoying being outdoors.  As she passed she stopped to see if the restaurant was accessible yet, but saw that she was still unable to enter.  Plaintiff will not do business with businesses which do not provide her

2

access. The Diner is a well-known establishment and the Plaintiff is frustrated that she is unable to eat there, either at the outside tables, when the weather is nice, or inside.  Once she can enter, she looks forward to entering and enjoying the restaurant.

11.     The problems start with the inability of the Plaintiff to enter the Diner, as there are steps at each of the 3 entrances for use by the public, all of which are too high for Plaintiff to traverse in her wheelchair.

12.     The main entrance and a side entrance each have 2 steps which lead into the Diner. The first step is a brick step which sits on the sidewalk and is circular in shape.  It is approximately 6 inches high.  The second step is also approximately five (5) to six (6) inches high.  There is no railing at either of these entrances.  The doors are of the push type and have no handle on the outside.

13.     The third entrance door opens into a separate rear dining area.  The door has no handle, is approximately thirty four (34) inches wide and opens inward.  The door sits inside a shallow recess which is about 8 inches deep, with a step about seven (7) inches high.

14.     There are no tables that provide adequate knee and toe clearance for a person in a wheelchair in the main dining area, outside or back dining area.  All seating consists of booths or peg leg tables which don't allow Plaintiff to sit comfortably and pull beneath the table to eat.

15.     There is a bar with approximately 10 seats but no low section at which a patron in a wheelchair may sit.

16.     There are 2 restrooms in the Diner, one of which is located in the rear dining area accessed by the rear entrance.  However, it is not identified as a restroom, nor does it have any signs indicating accessibility.

17.     The rear restroom does to have an accessible entry door, with a thirty two (32) inch door, which swings outward. Inside the restroom, there is a space around 45 by 30 inch of clear

floor space, which is slightly smaller than required, but which would allow most wheelchair users to enter and close the door.

18.     Upon entering the restroom, there is a sink immediately to the right. There is 31 inches clearance between the sink and the wall across, so there is not adequate clear floor space for the Plaintiff to approach and slide below the sink so she may use it.  The pipes are not wrapped to prevent burns.  There is a mirror above the sink, which is over 48 inches high at the bottom reflective edge, too high for the seated Plaintiff to see herself.

19.     The toilet is on the same wall as the sink, about 15 inches further into the room. There are no compartments in the room.  The toilet sits about 30 inches from the side wall, with a cabinet against the wall. The arrangement of the toilet and the cabinet and the wall so far away, does not provide a means for Plaintiff to use the toilet if she ever gains access to the restaurant. There is no grab bar behind or next to the toilet to allow her to move to and from.  The toilet paper hangs far behind where a person would be seated and reaching backward. It is too far for a person with limited mobility to be able to reach.  The flush control is on the far side of the toilet, outside of easy reach.  There is an unusual mounted garbage can hanging on the wall in front of the toilet. This obstructs the little clear floor space even further. There is only 2 feet clearance between the front of the toilet and the trash can.  This creates a serious problem because a chair cannot sit in front of or next to the toilet, so she can use the grab bars which should be provided.

20.     Plaintiff therefore seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of the ADA and its implementing regulations.

21.     Plaintiff also alleges claims for violation of the New York State Executive Law (the

"Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

22.    Plaintiff will return to the Diner, sit at an ADA compliant table and use a restroom once the barriers described above have been removed.

23.    Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 2010 ADA Standards for Accessible Design (the "Standards") or the Administrative Code.

24.    Because of Defendants' failure to comply with the above mentioned laws, Plaintiff was and has been unable to enjoy equal and complete access to the goods and services available to non-disabled patrons of the Diner.  Due to the violations listed herein, Plaintiff cannot sit and enjoy a meal at the Diner, sit at the bar and have a drink, wash her hands or use the toilet facilities.

25.    An inspection of the Diner was conducted and the foregoing barriers were observed, all of which the Plaintiff encountered or is aware of, and prevent her from enjoying the same services and facilities the Diner provides to non-disabled patrons.

26.    The following is a list of the applicable statutes and laws[1] which the Defendants have violated as a result of the enumerated barriers:

a)  There is no handicap accessible entrance in violation of  206.2.1

b)  The entrance steps create an inaccessible route violating 206.1 and 206.4.

c)  Steps at the entrance violate 303.4 which requires a rise over ½ inch, with an accessible route, to be ramped.

d)  The required 48 inch wheel chair level maneuvering clearance is obstructed by the step, violating 404.2.4 and 404.2.4.4.

e)  There are no handrails on either side of any step, in violation of 210.1, 504.6, 505.2 and 505.10

f)  Where there is more than one entrance, 216.6 requires signage directing disabled patrons

---

[1] Unless otherwise noted, all references are to the Standards.

5

to the nearest accessible entry.  No such signage is posted at any entry.

g)  Violates 206.2.5 206.2.2 and 206.2.4 which requires access to all areas and elements in a facility, namely, dining areas.

h)  There are no dining surfaces dispersed throughout the restaurant which allow a person in a wheelchair to sit at a table comfortably, as required by 226.1, 226.2 and 902.

i)  No tables are at a height, without an obstruction below the table, which allows a person in a wheelchair to sit below the table comfortably as required by 902.3, 305 and 306.

j)  Violates 213.1, 213.2 and 603, which require an accessible toilet rooms to be located on a story connected by an accessible route to an accessible entrance.

k)  Violates Standards 603.2.1 which requires 60 inch turning space within the room.

l)  There are no grab bars on the side wall closest to the water closet and on the rear wall as required by 604.5 and 609.

m)  The toilet is not mounted 16-18 inches from the side wall in violation of 604.2.

n)  The toilet does not have the 48 inches x 56 inches clearance as required by the  1991 ADA Standards for Accessible Design 4.16.2.

o)  The flush control is on the closed side of the toilet, in violation of 604.6

p)  The toilet paper dispenser is not located in an accessible location within 7 inches in front of the toilet, as required by 604.7

q)  The pipes below the sink are not wrapped to prevent burns as required by 606.5.

27.     Plaintiff intends to patronize the Defendants' place of public accommodation as soon as the barriers to her enjoyment of the facilities and services have been removed.

## FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act)

28.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

29.     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any

person who owns, leases (or leases to), or operates a place of public accommodation."

30.     Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Diner to individuals with disabilities;

d.     Failing to design and/or construct the Diner so that it is readily accessible to and usable by individuals with disabilities;

e.     Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

31.     An example of the manner in which Defendants could have removed some of the illegal barriers at the Diner include installing a permanent ramp at the rear entrance, installing accessible tables with clear floor space which allow a person in a wheelchair to sit comfortably, and modifying the toilet room so that it may safely be used by Plaintiff.

32.     The foregoing suggestions are not meant as comprehensive but simply provide a means of remedying some the more egregious ADA violations present.

33.     However, Defendants have not remedied the existing violations. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminates against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of

the Diner, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et

seq. and/or its implementing regulations.

34.     Defendants' violations of the ADA have harmed and will continue to harm Plaintiff

in the future.

## SECOND CLAIM FOR RELIEF
(Violation of New York State Executive Law)

35.     Plaintiff realleges and incorporates by this reference all allegations set forth in this

Complaint as if fully set forth herein.

36.     The Defendants have, and continue, to subject Plaintiff to disparate treatment by

denying Plaintiff equal opportunity to use its place of public accommodation all because she is

disabled.  In spite of taking occupancy of a public accommodation, years after the ADA took effect,

no effort to provide a route for Plaintiff to enter was provided then, or since, while entry to able

bodied patrons was ensured.

37.     By failing to comply with the law in effect for decades, the Defendants have

articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as

patrons of their place of public accommodation.

38.     The Defendants have discriminated against Plaintiff in violation of New York State

Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public

accommodation.

39.     The Defendants have failed to make all readily achievable accommodations and

modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

40.     It would not impose an undue hardship or undue burden on the Defendants to make

its place of public accommodation fully accessible.

41.     As a direct and proximate result of the Defendants' unlawful discrimination, in

violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

42.     Plaintiff has suffered damages in the amount of at least $10500.00 (ONE THOUSAND DOLLARS) and the total amount shall be determined at trial.

## THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

43.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

44.     The Defendants have subjected, and continues to subject, P1aintiff to disparate treatment by  directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

45.     The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

46.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act§ 7 amending Administrative Code §8-130 (emphasis added).

47.     The Administrative Code is to be construed broadly in favor of Plaintiff to the

fullest extent possible. <u>Albunio v. City of New York</u>, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

48.     As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

49.     The Defendants' long-standing refusal to make its place of public accommodation fully accessible was egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

50.     By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of its place of public accommodation.

51.     The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

52.     By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible.   The Defendants' unlawful profits plus interest must be disgorged.

53.     Plaintiff has suffered damages in the amount of at least $1000.00 (ONE THOUSAND DOLLARS) and the total amount shall be determined at trial.

## FOURTH CLAIM FOR RELIEF
(Violations of New York State Civil Rights Laws)

54.     Plaintiff realleges and incorporates by this reference all allegations set in this

Complaint as if fully set forth herein.

55.     The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

56.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

57.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

58.     Plaintiff will continue to experience unlawful discrimination as a result of the Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants' to alter and modify its place of public accommodation and its policies, practices and procedures.

59.     Injunctive relief is also necessary to make the Diner readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the steps at the rear entrance.

## DECLARATORY RELIEF

60.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

63.     In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.      Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B.      Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award at least $1000.00 (ONE THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.      Award at least $1000.00 (ONE THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F.      Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

G.      Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: December 16, 2015

Donald J. Weiss, Esq. (7619)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606